**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:18-CV-1506-L** |
| **JOHN CRIM,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed July 24, 2018. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.  Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on June 12, 2018, against John Crim ("Defendant" or "Crim"). This action arises from the failure of Crim to make the required payments on loans he obtained.

The loans were disbursed to Crim in the amounts of $750, $750, $1,150, $1,150, $1,000 and $1,000 on September 19, 1986; January 29, 1987; October 16, 1991; January 8, 1992; February 3, 1993; and February 3, 1993, respectively, from Oklahoma State University at 5.00% interest per annum. The institution made the loans under the federally-funded National/Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under the Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087aa *et seq.* (34 C.F.R. Part 674). After demand of payment by the United States, Crim defaulted on the loans on March 1, 1994 and September 1, 1994.

**Memorandum Opinion and Order – Page 1**

Crim was served with a copy of the summons and Complaint on June 30, 2018. He was required to answer or otherwise respond to the Complaint by July 21, 2018, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. As July 21, 2018, was a Saturday, the time to answer or otherwise respond was July 23, 2018. To this date, Crim has not answered or otherwise responded to the Complaint.

On July 23, 2018, the United States requested the clerk of court to enter a default against Crim, and the clerk entered a default against Crim the same day. Plaintiff now requests the court to enter a default judgment against Crim and award it damages and applicable interest as a result of his default.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Crim. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Crim, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency

of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted).

Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Crim is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Crim owed the United States as of January 16, 2017, was $11,380.40 ($5,760 in principal and $5,620.40 in interest). Interest accrues on the principal at the rate of $0.79 per day. The number of days from January 16, 2017, to July 30, 2018, is 560, which results in additional interest in the amount of $442.40. Therefore, the total amount of judgment to which the United States is entitled is **$11,822.80.**

## III. Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$11,822.80.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 30th day of July, 2018.

Sam A. Lindsay
United States District Judge